IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ERWIN E. CABAN, )<br>)<br>  Plaintiff, )<br>v. )<br>  )<br>MERRICK GARLAND, SECRETARY )<br>DEPARTMENT OF JUSTICE, )<br>FEDERAL BUREAU OF )<br>INVESTIGATION (FBI) )<br>  )<br>  Defendant. ) | CIVIL ACTION<br>NO. 3:22-CV-00257 |

# *COMPLAINT*

### *Introduction*

1. This is a complaint for damages, declaratory and injunctive relief authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e et seq. ("Title VII") and/or pursuant to the Age Discrimination in Employment and Act of 1967 (ADEA), as amended 29 U.S.C., 633a et seq.

2. This lawsuit is brought to prevent Defendant, MERRICK GARLAND, DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION (FBI), pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, et seq. ("Title VII"), from maintaining a policy, practice, custom or usage of discriminating against, Plaintiff, ERWIN E. CABAN , in regard to terms, conditions and privileges of employment, and for damages, and other equitable relief for Plaintiff, ERWIN E. CABAN , who has been discriminated against by Defendant on the basis of sex (male), national origin, and age.

### *Jury Demand*

3. A jury is hereby demanded.

## *Jurisdiction and Venue*

4. This action is brought for a declaratory judgment, injunctive relief and compensatory damages, pursuant to 42 U.S.C. Section 1983, 20 U.S.C. Sections 1681-1688, 28 U.S.C. Sections 2201 and 2202. This Court has jurisdiction to hear the Plaintiff's claims pursuant to 28 U.S.C. Sections 1331, 1343(3) and (4) 1337 and 42 U.S.C. 2000e-5(f) [Section 706(f)(s) and (3) and 704(a) of Title VII].

5. Venue is proper in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. Section 1391(b) as El Paso County, Texas is the county where the Defendant operates the **MERRICK GARLAND, DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION (FBI)**, Plaintiff's employer. Further, all actions complained of herein occurred within the El Paso County, Texas.

## *Parties*

6. **ERWIN E. CABAN** is a Hispanic-male citizen of the United States and a resident of the City of El Paso, El Paso County, Texas.

7. Plaintiff is employed by the Defendant, **MERRICK GARLAND, DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION (FBI)**. The Defendant maintains and administers records relevant to its employment practices. Service of process may be made upon the United States Attorney for the Western District of Texas, and the United States Attorney General, Department of Justice, by registered or certified mail, pursuant to the Federal Rules of Civil Procedure (Rules 4(I)(1)(A), (B) & (C)).

8. Defendant is an employer within the meaning of 42 U.S.C. 2000e, et seq., ("Title VII").

## *Exhaustion of Remedies*

9. Plaintiff filed a formal complaint of discrimination. Such filing was within at least 45 days

of the last act of which he complained. Plaintiff's formal complaint alleged denial of Plaintiff's rights, by Defendant, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., as amended by the Civil Rights Act of 1991. Specifically, ERWIN E. CABAN alleges that he was discriminated against because of his national origin (Hispanic), sex (male) and age.

10. All conditions precedent to the filing of the lawsuit has been met.

*Factual Allegations*

11. Prior to working with the Defendant, Plaintiff served in the Army for 20 years as an IA. Serving as an IA in the Army is considered as the cream of the crop and the best of best. After serving in the Army for 20 years, Plaintiff Worked for the El Paso Police Department where Plaintiff received excellent performance reviews. Plaintiff also received excellent Performance Appraisal Reviews (PAR) for 12 years until SIA Dominguez became Plaintiff's rating official.

12. Plaintiff entered with the FBI on duty in June 2005 as an Intelligence Analyst (IA) GS-II Step 6 in the El Paso Division.

13. When discrimination took place, Plaintiff was an Operational Support Technician, assigned to the El Paso Division of the Federal Bureau of Investigation (FBI)

14. Plaintiff was discriminated against based on sex (male), age (DOB: October 11, 1944) and national origin (Hispanic/ Puerto Rican).

15. This discrimination stems from when on Plaintiff was told by the Special Agent in Charge (SAC) on May 10, 2018, that he had concerns regarding Plaintiff's assignment as an Intelligence Analyst due to Plaintiff's age. Plaintiff was demoted and reassigned to the position of Operational Support Technician, GS-8, on or about May 13, 2018.

16. Plaintiff's duties as an OST include handling the mail, answering calls and supporting the Operations Center (OPS). Plaintiff was also embedded on the Cyber Squad and was responsible for

handling the needs of the Cyber Squad Supervisory Special Agent (SSA).

17. Supervisory Intelligence Analyst (SIA) Ricardo Dominquez served as Plaintiff's rating official from August 2016 until May 2018, and Assistant Special Agent in Charge (ASAC) First Name Unknown (FNU) Casper served as Plaintiff's reviewing official from August 2016 to May 2018.

18. SIA Dominquez knew Plaintiff's age and national origin through casual conversation on unspecified dates. Plaintiff is also one of the oldest employees in the office. People know that Plaintiff is Hispanic (Puerto Rican) based on Plaintiff's accent. Puerto Ricans have a different accent than other Hispanics.

19. Special Agent in Charge (SAC) Emmerson Buie was also aware of Plaintiff's age and national origin. In 2016 when SIA Dominguez became Plaintiff's rating official, there was a female IA named Ashley (last name unknown) on Plaintiff's squad in El Paso. SIA Dominguez came to the squad area often to talk to IA Ashley.

20. On an unspecified date, a few months later in 2016, IA Ashley transferred to the Midland Resident Agency. Once IA Ashley transferred, SIA Dominguez stopped coming to the squad area to talk to Plaintiff and another male Staff Operations Specialist (SOS). This action is male (sex) discrimination by SIA Dominguez, when he stopped coming to the squad area after IA Ashley (female) left the squad.

21. Once SIA Dominguez became Plaintiff's rating official, Plaintiff noticed that whenever Plaintiff submitted an intelligence report to him, he would heavily critique them and always return them to Plaintiff for edits. For two years, Plaintiff noticed that SIA Dominguez always found something wrong with Plaintiff's reports. Plaintiff reviewed reports submitted by other IAS to see what Plaintiff was doing wrong. Plaintiff did not find much difference in Plaintiff's reports and other

IAS reports.

22.     SIA Dominguez advised Plaintiff in October 2017 that Plaintiff was not performing as an IA. SIA Dominguez would return reports that Plaintiff would have already corrected but he would continue to send them back to Plaintiff for at least five to six more times for additional edits. If Plaintiff's reports required more than two rounds of edits, it was obvious that SIA Dominguez was not doing his job. Plaintiff explained to SIA Dominguez that his analysis of Plaintiff's work was not accurate. SIA Dominguez hinted several times that Plaintiff was not qualified to be an IA, based on the corrections he was making on Plaintiff's reports.

23.     On November 3, 2017, SIA Dominguez placed Plaintiff on a Performance Improvement Plan (PIP) without warning. A PIP lasts for 90 days and during those 90 days, Plaintiff was required to produce three reports, which would have taken a year for one IA to complete. For religious reasons Plaintiff requested prior approval to be off during Christmas and New Years, because Plaintiff took leave for religious reasons while on a PIP, Plaintiff was only allowed 46 days to complete the PIP which was not fair.

24.     In February 2018, SIA Dominguez told Plaintiff that Plaintiff failed the PIP and because was going to be demoted. SIA Dominguez did not offer Plaintiff any type of trainings to improve Plaintiff's writing. Plaintiff was aware of an Advanced Writing Course, but the course had a long wait list. Additionally.  Once Plaintiff was placed on a PIP, Plaintiff was not permitted to attend any trainings.

25.     SIA Dominguez did not counsel Plaintiff about Plaintiff's work performance, but he was telling Plaintiff what Plaintiff already knew, so he was just going through the motions to frame a conclusion that SIA Dominguez did not want Plaintiff around.  Plaintiff's age and national origin became the way SIA Dominguez to fail Plaintiff on a PIP and demote Plaintiff.

26. In early May 2018, Special Agent in Charge (SAC) Emmerson Buie, advised Plaintiff that Plaintiff was going to be demoted. SAC Buie asked Plaintiff if Plaintiff would be interested in a position to serve as an Investigative Assistant working with the Surveillance Operational Group (SOG). SAC Buie suggested that Plaintiff first research the position to see if working with SOG was a position Plaintiff would be interested in. When Plaintiff went back to with SAC Buie in May 2018, SAC Buie told Plaintiff there was not an opening with SOG and it was probably better for Plaintiff that there was not a position with SOG because Of Plaintiff's age. Plaintiff did not respond to SAC Buie's comment about Plaintiff's age. SAC Buie proceeds to tell that Plaintiff was going to reclassified and demoted to an OST. Plaintiff explained to SAC Buie that Plaintiff was not in agreement with being demoted. SAC Buie ended the meeting by telling Plaintiff there was nothing else that he could do but to demote Plaintiff to an OST.

27. Plaintiff was discriminated when he was demoted from his position as an Intelligence Analyst due to his age, and reassigned to the position of Operational Support Technician, GS8. Plaintiff does not know the exact day but did make reference to his own age and/or his own national origin to Special Agent in Charge (SAC) Emmerson Buie.

## *COUNT I*
## *TITLE VII VIOLATION - SEX (GENDER)*

28. The Plaintiff realleges paragraphs 1 – 27 as if fully set forth herein.

29. Defendant discriminated against Plaintiff herein since the agents and employees of Defendant engaged in discrimination based on sex in violation of Title VII of the Civil Rights Act. Specifically, the Plaintiff suffered adverse employment consequences as a direct result of sex (make). As a direct and proximate result of these actions, Plaintiff suffered sex discrimination.

30. By reason of the Defendant's actions, the Plaintiff found it necessary to retain the services of an attorney in these proceedings and heretofore and is therefore entitled to attorney's fees pursuant to

Title VII and under the general equity Powers of the Court.

## COUNT II
### TITLE VII VIOLATION – RACE/NATIONAL ORIGIN (HISPANIC-Puerto Rican)

31. The Plaintiff re alleges paragraphs 1 – 30 as if fully set forth herein.

32. Defendant discriminated against Plaintiff herein since the agents and employees of Defendant engaged in discrimination based on Race in violation of Title VII of the Civil Rights Act. Specifically, the Plaintiff suffered adverse employment consequences as a direct result of Race/National Origin (Hispanic). As a direct and proximate result of these actions, Plaintiff suffered Race/National Origin (Hispanic) discrimination harassment.

33. By reason of the Defendant's actions, the Plaintiff found it necessary to retain the services of an attorney in these proceedings and heretofore and is therefore entitled to attorneys' fees pursuant to Title VII and under the general equity Powers of the Court.

## COUNT III
### AGE DISCRIMINATION

34. Plaintiff realleges paragraphs 1 - 33 as if fully set forth herein.

35. The actions of Defendant constituted age discrimination against Plaintiff in the creation and condemnation of an age bias which changed the terms and conditions of his employment.

36. The unlawful employment practices in violation of the ADEA herein complained of, occurred in the course of Plaintiff's employment with Defendant, and were carried on by Defendant's agents, servants, and employees and committed because of Plaintiff's age.

37. Defendants discriminated against Plaintiff herein because of his age with respect to the terms, conditions, privileges, advantages and benefits of his employment with Defendant. Specifically, Plaintiff was held to stricter standards of performance, and denied benefits of employment accorded other employees.

38. In addition, Plaintiff was treated dissimilarly from other employees.

39. By reason of the Defendant's actions, the Plaintiff found it necessary to retain the services of an attorney in these proceedings heretofore and is therefore entitled to attorney's fees pursuant to the ADEA and under the General Equity Powers of the Court.

WHEREFORE, Plaintiff respectfully requests:

a. A declaratory judgment, declaring Defendant's acts, through the acts of its agents, employees and successors, herein complained of to be in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and/or pursuant to the Age Discrimination in Employment and Act of 1967 (ADEA), as amended 29 U.S.C., 633a et seq.

b. Compensatory damages against the Defendant for each violation of Plaintiff's rights, as protected by Title VII and pursuant to the Age Discrimination in Employment and Act of 1967 (ADEA), as amended 29 U.S.C., 633a et seq, for his pain, suffering, emotional distress, humiliation and for any resulting physical and emotional damages, in the amount of $300,000.00;

c. Attorney's fees, court costs, prejudgment and post judgment interest as provided by law including Title VII and ADEA; and

d. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

***The Law Office of Enrique Lopez***
701 N. St. Vrain Street
El Paso, Texas 79902
Telephone: (915) 351-0595
Facsimile: (915) 534-7207

By: /s/ Enrique Lopez
    ENRIQUE LOPEZ
    State Bar No.: 12563530

Attorney for Plaintiff